UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 1:12-CV-336 |
| | ) | |
| DAVID W. NOBLIT, | ) | Judge Curtis L. Collier |
| Administrator ad litem of the estate of | ) | |
| Steve A. McKenzie, deceased, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## **MEMORANDUM & ORDER**

Before the Court is Appellant Nelson E. Bowers, II's ("Appellant") motion to supplement the record (Court File No. 20). Appellant seeks to supplement the record on appeal with two documents: (1) a transcript from an October 3, 2012 hearing held by United States Bankruptcy Court Judge John C. Cook and (2) a "Notice of Appointment of Interim Trustee and Fixing of Bond" filed in the bankruptcy court on December 27, 2012. Appellees F. Scott Leroy d/b/a LeRoy & Bickerstaff, F. Scott Leroy, Leroy & Bickerstaff, PLLC, and Leroy, Hurst & Bickerstaff, PLLC (the "Leroy Defendants") and Trustee C. Kenneth Still (the "Trustee" or "Still") (collectively, "Appellees") filed a response in opposition (Court File No. 27), and Appellant submitted a reply (Court File No. 31). For the reasons stated below, the Court **DENIES** Appellant's motion (Court File No. 20).

Pursuant to Rule 10(a) of the Federal Rules of Appellate Procedure, the record on appeal consists only of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. Proc. 10(a). Rule 10(e), however, allows corrections or modifications to be made to the record. Specifically, "Rule 10(e) allows amendment of the record on appeal [] under two circumstances: '(1) when the parties dispute whether the record actually discloses what occurred in

the District Court and (2) when a material matter is omitted by error or accident.'" *United States v. Cornell*, 162 F. App'x 404, 413 (6th Cir. 2006) (citing *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997)); Fed. R. App. P. 10(e); *United States v. Moncier*, 2:07-cr-40 (E.D. Tenn. Apr. 22, 2008) (Court File No. 78). "The purpose of the rule is to allow the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *S&E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982); *see also United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987) (explaining the purpose of the rule is "not to facilitate collateral attacks on the verdict"). "All other questions as to the form and content of the record must be presented to the court of appeals." Fed. R. App. P. 10(e)(3).

Here, Appellant is asking the Court to supplement the record with two documents. The first document is a transcript from an October 3, 2012 hearing conducted by U.S. Bankruptcy Judge John Cook in which Judge Cook, *inter alia*, denied the Trustee's motion to vacate an order of dismissal (Court File No. 22-1). The second document is entitled "Notice of Appointment of Interim Trustee and Fixing of Bond," which was filed in the bankruptcy court on December 27, 2012 (Court File No. 22-2). Neither of these documents was part of the record considered by the bankruptcy court or district court, nor has Appellant shown his request pertains to an "omission" or "misstatement" resulting from an "error or accident." Rather, Appellant is asking the Court to introduce new evidence, which is outside the scope of Rule 10(e). Furthermore, even assuming the Court has the authority to supplement the record based on equitable principles as argued by Appellant, the Court will err on the side of caution and deny Appellant's request given that supplementing the record with new evidence is generally disfavored. *See United States v. Husein*, 478 F.3d 318, 336 (6th Cir. 2007) ("Some courts have also held that the record may be supplemented pursuant to the appellate court's

2

Case 1:12-cv-00336-CLC-WBC   Document 38   Filed 08/08/13   Page 2 of 3   PageID #: 4240

'equitable authority.' . . . The Sixth Circuit has of yet not so held."); *See United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005) (stating that Rule 10(e)(2) "forecloses supplementing the record in this case with any additional documents" though acknowledging the equities might support supplementation under limited circumstances).

Accordingly, Appellant's motion to supplement the record is **DENIED** (Court File No. 20). In the event, however, the court of appeals determines the record should be supplemented for any other purposes pursuant to Fed. R. App. P. 10(e)(3), the Court will comply with such order.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**